OPINION OF THE COURT
Jude T. Martini, J.
Defendant Christopher M. Gabriele moves for an order vacating the finding of incompetence previously entered against him, pursuant to Criminal Procedure Law article 730.
It is hereby ordered that the defendant’s motion to vacate this court’s June 23, 2014 final order of observation and dismissal of accusatory instrument is denied. All other requested relief is denied.
The defendant was arraigned by the court on a single count of petit larceny (Penal Law § 155.25) at approximately 9:50 p.m. on May 29, 2014. During the arraignment the court had the opportunity to observe the defendant. The defendant was acting inappropriately and alleging, inter alia, that people are putting stuff in his food. Based upon the court’s observations, the court immediately issued an order for psychiatric examination pursuant to article 730 of the Criminal Procedure Law.
Thereafter, the defendant was examined by two psychiatric examiners and a report was prepared by each of the psychiatric examiners. Both psychiatric examiners concluded that the defendant is an incapacitated person in that as a result of mental disease or defect he lacks capacity to understand the proceedings against him or to assist in his own defense. It is noted that the defendant in his moving papers makes reference to court proceedings on June 9, 2014. (June 5, 2015 aff of Christopher M. Gabriele ¶¶ 3, 5, 9.) However, the court’s records reveal that there were no court proceedings on June 9, 2014 due to defendant’s hospitalization.
On June 23, 2014, defendant was present in court with his counsel Christopher Sevier, Esq. and Assistant District Attorney Renee Behrens. The results of the psychiatric examiners’ reports were shared with defendant’s counsel Mr. Sevier and Assistant District Attorney Behrens. The court asked Assistant District Attorney Behrens if the People were requesting *474 a hearing and she replied, “No, Your Honor.” (Tr of June 23, 2014 court proceedings at 4.) The court then asked if the defense was requesting a hearing and Mr. Sevier responded, “No, Judge.” (Tr of June 23, 2014 court proceedings at 5.)
Pursuant to Criminal Procedure Law § 730.40 (1),
“If [the Court] is satisfied that the defendant is an incapacitated person, or if no motion for such a hearing is made, such court must issue a final or temporary order of observation committing him or her to the custody of the commissioner for care and treatment . . . When a local criminal court accusatory instrument other than a felony complaint has been filed against the defendant, such court must issue a final order of observation.”
On June 23, 2014 the court, being satisfied that the defendant as a result of mental disease or defect lacked the capacity to understand the proceedings against him or to assist in his own defense and there being no request for a hearing, issued a final order of observation and dismissal of accusatory instrument. (See exhibit A annexed to defendant’s moving papers.) Further, pursuant to Criminal Procedure Law § 730.40 (2), “[w]hen a local criminal court has issued a final order of observation, it must dismiss the accusatory instrument filed in such court against the defendant and such dismissal constitutes a bar to any further prosecution of the charge or charges contained in such accusatory instrument.” In the matter sub judice, the defendant has failed to establish a valid legal basis upon which to vacate the June 23, 2014 final order of observation and dismissal of accusatory instrument. Accordingly, the defendant’s motion must be denied.